UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TONY J. CERENTANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number  12-153-MJR/SCW |
| | ) | |
| UMWA HEALTH AND | ) | |
| RETIREMENT FUNDS, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Tony J. Cerentano, through counsel, and for his Complaint, states:

1.  Plaintiff brings this claim for benefits pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C § 1332(a)(1)(B), to recover benefits due to him under the terms of an ERISA-governed plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the terms of the plan.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under a law of the United States, namely, ERISA. This Court also has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132 because this action is a claim for benefits under ERISA.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 29 U.S.C. § 1132(e) because Defendant may be found in this judicial district and because the breach occurred in this judicial district.

## THE PARTIES

4. Defendant UMWA Health and Retirement Funds (the Plan) is an employee benefit plan within the meaning of ERISA.

5. Plaintiff is a participant in the Plan within the meaning of ERISA.

## FACTS

6. From approximately 1978 until 2000, Plaintiff was employed at Monterey #1 Coal Mine in the State of Illinois. Monterey #1 Coal Mine is owned and operated by Monterey Coal Company. Monterey Coal Company is a division of Exxon Coal USA, Inc.

7. Plaintiff was involved in numerous mine accidents which resulted in numerous injuries while working at Monterey Coal Mine #1. The accidents and injuries are more particularly described in the administrative record.

8. On or about February 16, 2005, Plaintiff was approved for Social Security Disability Insurance benefits based on impairments including: asthma, diabetes mellitus, morbid obesity, degenerative disc disease of the lumbar and cervical spine, status post

cervical fusion, degenerative joint disease of the acromioclavicular joint, rotator cuff tendonitis, depression, and anxiety.

9. Plaintiff's anxiety and depression are causally related to, and by reason of, one or more mine accidents.

10. Plaintiff's status post cervical fusion injury is causally related to, and by reason of, one or more mine accidents.

11. Plaintiff's degenerative joint disease of the acromioclavicular joint rotator cuff tendonitis is causally related to, and by reason of, one or more mine accidents.

12. Plaintiff's rotator cuff tendonitis is casually related to, and by reason of, one or more mine accidents.

13. Plaintiff's degenerative disc disease of the lumbar and cervical spine is causally related to, and by reason of, one or more mine accidents.

14. Plaintiff's total disability is causally related to, and by reason of, one or more mine accidents.

## CLAIM FOR RELIEF
(CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1332(a)(1)(B))

15. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

16. The Plan provides that a participant who becomes totally disabled as a result of a mine accident shall upon retirement be eligible for a pension while so disabled. The Plan further provides that a participant shall be considered to be totally disabled only

if by reason of such accident such participant is subsequently determined to be eligible for Social Security Disability Insurance benefits.

17. The Plan trustee interprets the Plan as requiring that to be eligible for a disability pension, an applicant must be awarded Social Security Disability Insurance benefits based on impairments that are causally related to a mine accident.

18. Plaintiff is eligible for a disability pension because Plaintiff was awarded Social Security Disability Insurance benefits based on impairments that are causally related to mine accidents.

19. Plaintiff is eligible for a disability pension because by reason of mine accidents, Plaintiff was determined to be eligible for Social Security Disability Insurance benefits.

20. The Plan trustee's denial of disability benefits was motivated by improper considerations, was based on improper considerations, and was contrary to a preponderance of the evidence.

21. The Plan trustee's denial of disability benefits was arbitrary and capricious, was an abuse of discretion, and was not supported by substantial evidence in the record.

22. Plaintiff has exhausted all administrative remedies available under the Plan.

WHEREFORE, Plaintiff prays for judgment in his favor for benefits due to him under the Plan, a declaration of his right to future benefits due to him under the Plan, prejudgment interest, and such other relief as is just and proper.

KenBrennan Law, P.C.

By: /s/Kenneth J. Brennan
Kenneth J. Brennan, #6239037
502 West Main Street, Suite 300
Collinsville, Illinois 62234
(618) 343-4222
(866) 314-6780 - Fax
kbrennan@kbrennanlaw.com